IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGG CRITTONDON, | ) | |
|     Petitioner, | ) | Civil Action No. 11-220 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| MICHAEL W. HARLOW, et al., | ) | |
|     Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

**II.  REPORT**[1]

    **A.  Relevant Background**

Petitioner, Gregg Crittondon,[2] is a state prisoner currently incarcerated at the State Correctional Institution in Albion, Pennsylvania. He is serving a judgment of sentence of 30-84 months, which was imposed by the Court of Common Pleas of Erie County on September 23, 2009, following a jury trial in which he was convicted of Burglary, 18 Pa.C.S. § 3502(a) (2009) and Criminal Trespass, 18 Pa.C.S. § 3921(a). The Court of Common Pleas summarized the facts of his case as follows:

> On October 20, 2009, Tom Hover, fiscal technician for the Mental Health Association ("MHA"), placed approximately $200 in a locked filing cabinet in his office. At the end of the day, Mr. Hover locked his office and left for the day. The next day, he entered his office and found the money was gone. In response, Mr. Hover approached William Grove, CEO of the MHA, and reported the incident.

---

[1] Respondents have submitted the Common Pleas Court's file and relevant transcripts. The documents in the Common Pleas Court's file are indexed and numbered 1 through 37. They shall be cited to as "CP Dkt. No. __ ."

[2] In the documents submitted to this Court, the petitioner's name is sometimes spelled as "Crittonden." This Court shall spell it as "Crittondon," since that is how he spelled it on his initial filing, and because that is the spelling used in the state court documents.

1

> Following up on Mr. Hover's claims, Mr. Grove checked the video surveillance footage for the previous night and the early morning hours. Upon reviewing the footage, Mr. Grove discovered that Mr. Crittondon, an employee of the MHA, had entered the building at approximately 2:49 a.m. Soon after, the Commonwealth charged Mr. Crittondon with Burglary, Criminal Trespass, and Theft by Unlawful Taking.
>
> On July 17, 2009, Mr. Crittondon was found guilty of the charges of Criminal Trespass and Burglary, and not guilty of the charge of Theft by Unlawful Taking.

(CP Dkt. No. 25, <u>Commonwealth v. Crittondon</u>, No. 631-2009, slip op. at 1-2 (CP Erie Jan. 5, 2010)).

Under Pennsylvania law during the relevant time period, "[a] person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." 18 Pa.C.S. § 3502(a) (2009). At Crittondon's trial, the court instructed the jury, in relevant part:

> The first charge you're going to consider is burglary and here the allegation is that on or about October 21, 2008, the defendant entered a building here in Erie, specifically, this Mental Health Association building, that he entered it with the intent to commit a crime, that is, theft, and that by doing so he committed the crime of burglary.
>
> Now, you need to – in order to judge this case ask yourself what are the elements, that is, what does the Commonwealth have to prove in order to establish a burglary. And I'm going to read them to you. First, the Commonwealth needs to prove that it was the defendant who entered the Mental Health Association. Second, that he entered the association with an intent to commit a crime. Third, that at the point in time he entered, this location was not open to the public…. [F]ourth, that he didn't have permission or lawful authority to enter at that point in time…. And, fifth, that the place he entered was a building or structure not adapted for overnight accommodation. Those are the elements.
>
> - - -
>
> I should also add that in the modern law there doesn't have to be any forcible entry to commit a burglary. You don't have to break and enter, as lay people commonly say[.]

(7/17/2009 Trial Tr. at 100-02).

Pending before the Court is Crittondon's petition for a writ of habeas corpus [ECF No. 5], which he has filed pursuant to 28 U.S.C. § 2254. He raises one claim for relief: that the Commonwealth presented insufficient evidence to support his burglary conviction. [Id. at 3- 6]. Crittondon argues "that the Commonwealth failed to provide sufficient evidence to prove beyond a reasonable doubt that [I] stole the alleged missing money from the Mental Health Assoc. Due to this failure, the Commonwealth did not prove all of the elements of Burglary beyond a reasonable doubt. At best, the evidence was circumstantial. The Commonwealth failed to prove that the money was even missing from the office of Tom Hover." [ECF No. 5 at 4]. Respondents have filed their Answer [ECF No. 10], to which Crittondon has filed a Reply [ECF No. 15].

**B.     Discussion**

**(1)     Standard of Review**

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"). Under this statute, habeas relief is only available on the grounds that the petitioner's judgment of sentence was obtained in violation of his federal constitutional rights. 28 U.S.C. § 2254(a). In addition, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). It "requires federal courts collaterally reviewing state proceedings to afford considerable deference to state courts' legal and factual determinations." Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004).

As codified at 28 U.S.C. § 2254(d), AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim

that was *adjudicated on the merits in State court proceedings* unless the adjudication of the claim–

> (1) resulted in a decision that was *contrary to,[3] or involved an unreasonable application of,[4] clearly established Federal law, as determined by the Supreme Court of the United States*; or
>
> (2) resulted in a decision that was based on an *unreasonable determination of the facts in light of the evidence presented in the State court proceeding*.

(Emphasis added).

When he appealed his judgment of sentence to the Superior Court of Pennsylvania, Crittondon raised the same insufficiency of the evidence claim that he has raised in the instant petition. The Superior Court denied it on the merits. (CP Dkt. No. 28, Commonwealth v. Crittondon, No. 1761 WDA 2009, slip op. at 3-5 (Pa.Super. May 14, 2010)). Because it did, this Court's analysis of the claim is governed by AEDPA's standard of review as codified at § 2254(d). The Supreme Court has stressed the "highly deferential" review that this Court must accord the state court's decision under § 2254(d):

> We have explained that "an unreasonable application of federal law is different from an incorrect application of federal law." Williams v. Taylor, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id., at 411, 120 S.Ct. 1495. Rather, that application must be "objectively unreasonable." Id., at 409, 120 S.Ct. 1495. This distinction creates "a substantially higher threshold" for obtaining relief than *de novo* review. Schriro v. Landrigan, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). AEDPA thus imposes a "highly deferential standard for evaluating state-court rulings," Lindh v. Murphy, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and "demands that state-court decisions be given the benefit of

---

[3] "A state-court decision is 'contrary to' clearly established federal law if the state court (1) 'contradicts the governing law set forth in [the Supreme] Court's cases' or (2) 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a [different] result.'" Lambert, 387 F.3d at 234 (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

[4] "A state-court decision 'involve[s] an unreasonable application' of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case'; or (2) 'unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" Lambert, 387 F.3d at 234 (quoting Williams, 529 U.S. at 407).

4

the doubt," Woodford v. Visciotti, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam).

Renico v. Lett, — U.S. — , 130 S.Ct. 1855, 1862 (2010). The Supreme Court also has elaborated:

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. Cf. Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. Jackson v. Virginia, 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Harrington v. Richter, — U.S. —, 131 S.Ct. 770, 786-87 (2011). See also Wetzel v. Lambert, — U.S. —, 132 S.Ct. 1195, 1198 (2012) (quoting Harrington for the proposition that "[u]nder § 2254(d), a habeas court must determine what arguments or theories supported ... the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court."); Wiggins v. Smith, 539 U.S. 510, 521 (2003) (it is not enough for a petitioner to show that the state court's adjudication of any of his claims was an "incorrect or erroneous" application of U.S. Supreme Court precedent); Waddington v. Sarausad, 555 U.S. 179, 190 (2009) (where it is the state court's application of governing federal law that is challenged, "the state court's decision must be shown to be not only erroneous, but objectively unreasonable.") (internal citations and quotations omitted).

**(2) Was the Superior Court's Decision That There Was Sufficient Evidence to Support the Burglary Conviction "Contrary To or An Unreasonable Application Of Clearly Established Federal Law, As Determined By the Supreme Court Of the United States"?**

The "clearly established Federal law," 28 U.S.C. § 2254(d)(1), in which to analyze Crittondon's claim is set forth in Jackson v. Virginia, 443 U.S. 307 (1979). "The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt" of each element of the offense. Id. at 309. Under Jackson, evidence is sufficient to support a conviction if, "after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319 (emphasis in original). "Jackson leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" Coleman v. Johnson, — U.S. — , 132 S.Ct. 2060, 2064 (2012) (*per curiam*) (quoting Jackson, 443 U.S. at 319).

In rejecting this claim, the Superior Court applied the Pennsylvania equivalent of the Jackson standard. (CP Dkt. No. 28, Crittondon, No. 1761 WDA 2009, slip op. at 3-5). See also Evans v. Court of Common Pleas, Delaware Cnty., 959 F.2d 1227, 1233 (3d Cir. 1992) (the test for insufficiency of the evidence is the same under both Pennsylvania and federal law). It then explained:

> Appellant … claims that the evidence was insufficient to sustain his burglary conviction because the jury found him not guilty of theft by unlawful taking. We disagree.
>
> - - -
> In this case, the evidence was clearly sufficient to support Appellant's burglary conviction. As the trial court explained:
>
>> During the testimony of Mr. Grove, the Commonwealth offered video surveillance footage from the night in question. Mr. Grove's testimony with regards to the footage established the following: 1) Mr. Grove identified [Appellant] as being the person on the video; 2) [Appellant] used his entry code to gain entrance to the building and entered the

> building at 2:49 a.m.; 3) [Appellant's] employment status with the MHA did not require him to be in the building after the closing time of 5:00 p.m.; 4) on the night in question, [Appellant] did not have permission to be in the building; 5) in two separate sequences, [Appellant] was recorded covering his head with his jacket while in the vestibule area of the building; 6) the vestibule area of the building leads to an elevator and a set of stairs to the second floor.
>
> In addition, Tom Hover, fiscal technician for MHA, testified that he routinely kept the money from the MHA's cafeteria sales in his office on the second floor. Mr. Hover testified that envelopes of money were in his office on the night in question. Lastly, [Appellant] took the stand in his own defense. He testified to being the person on the video…. [A]ppellant confirmed he did not have permission to enter the building on the night in question. Finally, [Appellant] admitted to being on the second floor of the building.
>
> Although [Appellant] was employed by the MHA and had an access code for the building, he was not privileged to enter at approximately 3:00 a.m. on October 21, 2008. [Appellant's] own testimony has established [that] he did not have permission to enter the building at that time…. When taking into account the time of entry, the fact that money was kept on the second floor, [Appellant] appeared to be covering his face to hide from the video camera, as well as [Appellant's] own admission to being on the second floor, the jury could draw the conclusion that [Appellant] entered the MHA with the intent to commit a crime.
>
> T.C.O. 1/05/10, at 4-5.
>
> We agree with the trial court's reasoning and adopt it as our own. Because the evidence was sufficient to support Appellant's burglary conviction, Appellant's second issue fails. See Commonwealth v. Madison, 397 A.2d 818, 824 (Pa.Super. 1979) ("if the incident involves entry or attempted entry into a commercial establishment after business hours, it is likely that the intent to commit a theft may reasonably be inferred.").

Id. at 4-5 (bracketed text in the Superior Court's decision).

Because the Superior Court applied the correct legal standard when it evaluated this claim, its adjudication satisfies review under the "contrary to" clause of § 2254(d)(1). See, e.g., Williams, 529 U.S. at 406. Therefore, the only remaining question for this Court to decide is whether its decision was an "unreasonable application of" Jackson or based on an unreasonable determination of the facts.

7

28 U.S.C. § 2254(d). The Supreme Court has recently stressed to federal habeas courts conducting this analysis that:

> [w]e have made clear that Jackson claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury – not he court – to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." Cavazos v. Smith, 565 U.S. 1, __ (2011) (*per curiam*) (slip op., at 1). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" Ibid. (quoting Renico v. Lett, 559 U.S. __, __ (2010) (slip op., at 5)).
> - - -
> [T]he only question under Jackson is whether [the jury's] finding was so insupportable as to fall below the threshold of bare rationality. The state court of last review did not think so, and that determination in turn is entitled to considerable deference under AEDPA, 28 U.S.C. § 2254(d).

Coleman, 132 S.Ct. at 2062, 2065.

"[T]he only question [for the state court] under Jackson is whether [the jury's] finding was so insupportable as to fall below the threshold of bare rationality." Id. at 2065. The Superior Court's decision in this case that the jury's verdict was supported by the constitutional minimum of evidence necessary was objectively reasonable. It is true, as Crittondon points out, that the jury acquitted him on the count of theft by unlawful taking. However, the Commonwealth was not required to establish that he had committed that crime in order for the jury to convict him of burglary. That is because consummation or execution of the intent to commit a theft is not necessary to complete the crime of burglary. Commonwealth v. Wilks, 378 A.2d 887, 890 (Pa.Super. 1977) (the fact that the defendant was unable to consummate crimes of aggravated assault or rape was not relevant to finding of guilt of burglary charge, since all that is required is intent to commit a crime at time of entry). The Commonwealth was required to present sufficient evidence from which the jury could conclude that

8

Crittondon entered the building with *the intent to commit the crime of theft*, and it could, as it did, rely upon circumstantial evidence to satisfy that burden. Commonwealth v. Gordon, 477 A.2d 1342, 1348 (Pa.Super. 1984); Madison, 397 A.2d at 823-24; Commonwealth v. Reynolds, 222 A.2d 474, 475 (Pa.Super. 1966) (on a charge of burglary, intent on the part of the defendant to commit a felony may be inferred from actions as well as words but these actions must bear a reasonable relation to the commission of a felony).

In reality, Crittondon's claim is that the burglary verdict was against the weight of the evidence. That is purely a state law claim that is distinct from a federal due process claim, and, as such, it is not a claim that is cognizable in federal habeas corpus. Tibbs v. Florida, 457 U.S. 31, 37-45 (1982) (weight of evidence claims raise questions of credibility; it is different from a claim that the evidence was insufficient to support the conviction); see also Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985).

Based upon all of the foregoing, Crittondon's claim that there was insufficient evidence to support the jury's burglary verdict must be denied. This Court, which must give "considerable deference under AEDPA," to the state court's decision, Coleman, 132 S.Ct. at 2065, cannot grant Crittondon relief under the circumstances presented here.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would not find it debatable whether Crittondon's claim should be denied. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 3, 2012

cc: The Honorable Sean J. McLaughlin
United States District Judge